IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL R. COFFMAN,
    Petitioner,

vs.                              Case No.: 3:12cv220/RV/EMT

RICARDO MARTINEZ,
    Respondent.

## REPORT AND RECOMMENDATION

    This case is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). Petitioner did not file a motion for leave to proceed in forma pauperis or pay the $5.00 habeas filing fee. However, because, based on the court's review of the record, his petition is subject to summary dismissal, he will not be required to do so.

Background and Analysis

    Petitioner was convicted in this court after a jury trial of conspiracy to distribute methamphetamine (case 3:05cr17/RV, doc. 89). He was sentenced to the statutorily-mandated term of life imprisonment due to his two prior controlled substance offenses (*id.*, doc. 98).[1] The district court expressly noted on the record that it found the sentence to be excessive and more than warranted in his case, but that it had no discretion to depart under the circumstances (*id.*, doc. 98 at 37). Petitioner appealed, contending that there was insufficient evidence to convict him and that the district court erred in its Guidelines calculations (*id.*, doc. 133 at 2). The Eleventh Circuit affirmed, finding that the evidence was sufficient to support a conviction, and that the imposition of the life sentence rendered any potential Guidelines error moot (*id.*, doc. 133). Petitioner filed a motion to vacate, set

---

1 Document citations in this Report are to Petitioner's criminal case, 3:05cr17/RV, unless otherwise noted, as only one pleading has been filed in the case at bar.

aside or correct sentence pursuant to 28 U.S.C. § 2255, in which he raised nine grounds for relief, including a claim of cumulative error (*id*., docs. 174, 176). The motion was denied on February 26, 2009 (*id.,* doc. 206). His request for a certificate of appealability was denied by both the district court and the Eleventh Circuit (*id.*, docs. 211, 225). The Supreme Court denied his petition for writ of certiorari (*id*., doc. 227). He also filed a Motion to Reconsider the Judgment with a supporting memorandum of law (*id.,* docs. 228, 229), which was denied (*id*., doc. 230). He appealed that order, a certificate of appealability was denied, and his appeal was dismissed on January 12, 2012 (*id.,* docs. 240, 243, 245).

The instant petition pursuant to 28 U.S.C. § 2241 was filed on April 2, 2012.[2] Petitioner asserts that his claim involves "newly discovered evidence." He contends that the trial court did not have jurisdiction to proceed in the case against him due to a flaw in the indictment, and the clerk's failure to procure a properly redacted indictment.

The indictment in Petitioner's criminal case charged him and two co-defendants with conspiracy to manufacture and possess with intent to distribute methamphetamine (case 3:05cr17/RV doc. 3). The record reflects that at the end of the first day of trial, the court noted that it had heard nothing about the conspiracy performing any manufacturing, and the Assistant United States Attorney agreed that the reference to "manufacturing" should be redacted from the indictment (*id*., doc. 96 at 261–62).[3] The court referenced the redacted version of the indictment on the second day of trial,

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed). Typically, a section 2241 petition must be filed in the district where the petitioner is incarcerated, in this case, the Western District of Lousiana. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978). However, it appears from a letter dated May 4, 2012, from the Eleventh Circuit Court of Appeals clerk that it was initially filed in that court, and forwarded to this court for consideration (*see* the instant case, No. 3:12cv220/RV/EMT, doc. 1 (petition) at 72). This referral pursuant to Federal Rule of Appellate Procedure 22(s) is not the certification contemplated by 28 U.S.C. § 2255(h) allowing the filing of a second or successive § 2255 motion.

[3] These portions of the criminal transcript are not available electronically, but are appended to Petitioner's § 2241 petition (*see* case 3:12cv220/RV/EMT, doc. 1 at 31–63).

Case No.: 3:12cv220/RV/EMT

noting: "incidentally, the verdict form—I mean, the indictment has—has the redacted language to manufacture, and has been removed.  Other than that, the charge is as set out in the original indictment" (*id.*, doc. 97 at 97).  The court confirmed with the courtroom deputy clerk, "we will have the signature added at the end, right, Jerry?" (*id.*).  There were other references to the redacted indictment (*id.,* doc. 97 at 99, 105; doc. 69 at 4).  The verdict form included no reference to manufacturing, only to possession with intent to distribute (*id.*, doc. 71), as did the judgment (*id.,* doc. 89).  However, there is no "redacted" indictment" reflected on the criminal docket, other than the original indictment in which the foreperson's name is redacted.[4]  In the instant petition, Petitioner now seeks his immediate release, contending that because the trial court did not have jurisdiction to sentence him, Warden Martinez, his current custodian, cannot lawfully restrain his liberty (case 3:12cv220/RV/EMT, doc. 1 at 15).

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge.  The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action.  *See* Thomas v. Crosby, 371 F.3d 782, 810  (11th Cir. 2004) (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)); Broussard v. Lippman, 643 F.2d 1131 (5th Cir. 1981); United States v. Jordan*,* 915 F.2d 622, 629 (11th Cir. 1990); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also* Chambers v. United States, 106 F.3d 472, 474–75 (2d Cir. 1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition).  Title 28 U.S.C. § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and type of detention.  *See* Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).  A collateral attack on the validity of a federal conviction and sentence is more properly brought under 28 U.S.C. § 2255 in the district of conviction.  Antonelli, 542 F.3d at 1351; Jordan*,* 915 F.2d at 629; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hadjuk v. United States, 764 F.2d 795 (11th Cir. 1985).  A defendant who filed a previous § 2255 motion and was

---

[4] Defendant has appended a February 20, 2012 letter from the clerk of court informing him of this fact.

denied relief may not circumvent the rule restricting successive motions simply by filing a petition under § 2241.

There are some circumstances under which a prisoner may pursue relief from his conviction or sentence under § 2241. Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

To the extent Petitioner claims that he cannot pursue his claim via 28 U.S.C. § 2255, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. Restrictions on successive section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. Wofford, 177 F.3d at 1244–45; *see also* In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241).

Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. § 2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. *See, e.g.*, Wofford, supra; Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The § 2255 remedy is not rendered "inadequate or ineffective" simply because a prior claim under that section has been denied or disallowed, United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), or because a petitioner has been denied permission to file a second or successive § 2255 motion, *see* Darby, 405 F.3d at 945; United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999); Wofford, 177 F.3d at 1245; Davenport, 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed, *see* Moore v. Reno, 185

F.3d 1054, 1055 (9th Cir. 1999). Likewise, the fact that a petitioner cannot meet the gate-keeping requirements of the AEDPA does not open the door to a § 2241 petition. Jiminian v. Nash, 245 F.3d 144, 147–48 (2d Cir. 2001); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999). And, section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); Haugh v. Booker, 210 F.3d 1147 (10th Cir. 2000).

> The savings clause of § 2255 applies to a claim only when:
>
> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005); *see also* Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001); United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong of the three-part test means a petitioner's claim fails. *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008).

In this case, Petitioner could have brought the claim he seeks to raise herein on direct appeal or in his initial § 2255. His failure to do so renders the claim procedurally barred. *See*, Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Wofford, *supra*. He also fails to meet even a single prong of the savings clause. And, the court is not persuaded by his suggestion that the February 20, 2012 letter from the clerk explaining what was apparent from a review of the docket sheet is "newly discovered evidence" (case 3:12cv220/RV/EMT, doc. 1 at 67).[5] Therefore, he is not entitled to proceed under 28 U.S.C. § 2241, and the petition should be summarily dismissed.

---

[5] Even if the court were to construe this motion as having been filed pursuant to 28 U.S.C. § 2255 based on newly discovered evidence, it would be subject to dismissal. Before a second or successive application for § 2255 relief is filed in the district court, the movant must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). A panel of the appropriate court of appeals must certify that the successive motion contains newly discovered evidence or is based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.

Accordingly it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus under § 2241 (doc. 1) be summarily denied and dismissed.

At Pensacola, Florida this 16th day of May 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within **FOURTEEN (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**